# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 872 | **DATE** | 5/22/2002 |
| **CASE TITLE** | Sin Vip Honarey Tiv, et al vs. Brian Perryman, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Respondent's motion (Doc. No. 44-1) is granted, and the court grants the request for relief from the July 11, 2001 order as it relates to Petitioner Vue. As agreed to by both parties, the court grants the request for relief as to Yakobashvile. Finally, the court dismisses Wedderburn from Respondents' request for relief. To the court's knowledge, Wedderburn remains in INS custody and an individualized bond hearing has yet to be scheduled as ordered on July 11, 2001. The court orders that INS comply with the previous order and schedule a bond hearing for Wedderburn within 90 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 28 | 57 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/22/2002 | |
| | | | date mailed notice | |
| ETV | courtroom deputy's initials | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIN VIP HONAREY TIV; EE SI VANG; )
KEVIN WEDDERBURN; JUAN MIRELES; )
TOU KO VUE; MARIO SOLORZANO; and )
AKAKY YAKOBASHVILE, )
)
    Petitioners, )
)
v. ) No. 99 C 872
)
BRIAN PERRYMAN, Chicago District ) Judge Rebecca R. Pallmeyer
Director of the Immigration and Naturalization )
Service; and JOHN D. ASHCROFT, Attorney )
General of the United States, )
)
    Respondents. )

## MEMORANDUM OPINION AND ORDER

In a July 11, 2001 memorandum opinion and order, this court granted petitioners Kevin Wedderburn, Tou Ko Vue, Akaky Yakobashvile, and Juan Mireles[1] writs of habeas corpus, and ordered that the INS schedule bond hearings no later than 90 days from the date of the order for each petitioner before the immigration judge who handled their removal proceedings. Brian Perryman, Chicago District Director of the Immigration and Naturalization Service and John D. Ashcroft, Attorney General of the United States, (collectively, "Respondent"), initially appealed the decision, but subsequently dropped the appeal. Respondent now seeks relief from this court's judgment pursuant to Rule 60(b), alleging that petitioners Akaky Yakobashvile's and Tou Ko Vue's cases are moot. Respondent further moves to dismiss Kevin Wedderburn from its request for relief.

The court concludes, and Petitioners did not contest, that the relief requested by Respondent is appropriate with respect to both Yakobashvile and Wedderburn. Although Petitioners contend that the requested relief is not appropriate with respect to Vue, the court finds

---

[1]     Mireles is no longer a party.

that because he was granted asylum in October 2000 before this court's order was issued, and because it is not reasonably likely that he will be subjected to the same action again, Vue's case is moot. Therefore, pursuant to Rule 60(b), the court grants the relief as requested by Respondent. Because Wedderburn is dismissed from the request for relief from judgment, the order to schedule his bond hearing stands. If it has not already occurred, that hearing should be scheduled within 90 days.

## **BACKGROUND**

The court presumes familiarity with the facts of this case as set forth in *Vang v. Ashcroft*, 149 F. Supp. 2d 1027 (N.D. Ill. 2001) and *Tiv v. Reno*, No. 99 C 872, 2002 WL 246252 (N.D. Ill. Feb. 24, 2000). On July 11, 2001, this court concluded that substantive and procedural due process guarantees prohibited mandatory detention of aliens who contested their removability as aggravated felons and thus, granted habeas corpus relief to Wedderburn, Vue and Yakobashvile. *Vang*, 149 F. Supp.2d at 1034. The court ordered the INS to schedule bond hearings for each of the petitioners no later than 90 days from the date of the order. *Id.* at 1038.

Respondent filed a notice of appeal with the Seventh Circuit on September 10, 2001, and while the appeal was pending, on October 4, 2001, Respondent requested from this court a statement of its intent to grant relief from the judgment. (Respondent's Status Report at 1). Respondent subsequently moved to voluntarily dismiss its appeal pursuant to Federal Rule of Appellate Procedure 42(b) on November 19, 2001, and the Seventh Circuit granted the motion on November 21, 2001. (Respondent's Status Report and Amended Request for Relief at p. 2.) Respondent later amended its October 4 request, seeking: (1) Wedderburn's dismissal from the request for relief because his detention during his deportation proceedings was governed by the Transition Period Custody Rules set forth at Section 303(b) of the Illegal Immigration Reform and Immigrant Responsibility Act and (2) relief from the judgment as to Vue and Yakobashvile because their cases were moot when the court entered its July 11, 2001 order. (Respondent's Amended

Motion for a Statement of the Court's Intent to Grant Relief Under Federal Rule of Civil Procedure 60(b) and Reply ("Respondent's Amended Motion") at p. 2.) Petitioners object to Respondent's request for relief only with respect to Vue's case.

Vue, a lawful permanent resident of the United States since 1979, was convicted of four offenses in the State of Wisconsin. *Vang*, 149 F. Supp. 2d at 1031. The INS charged him with removability on the basis of three of those offenses: (1) a misdemeanor conviction of carrying a concealed weapon, which resulted in a sentence of two years probation; (2) a felony conviction of operating a vehicle without the owner's consent, which resulted in a 24-month sentence of incarceration; and (3) a felony conviction of child abuse, which resulted in a sentence of three years probation. *Id.* The INS charged Vue as an "aggravated felon" under 8 U.S.C. § 1227(a)(2)(A)(iii) for both a "crime of violence" for which the term of imprisonment is at least one year and a "theft offense" for which the term of imprisonment is at least one year. *Id.* Having been charged as an aggravated felon, Vue became subject to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") mandatory detention provision, § 1226(c), which requires the Attorney General to take into custody any alien who is removable as an aggravated felon under § 1227(a)(2)(A)(iii). 8 U.S.C. § 1226(c). On December 3, 1999, an immigration judge ("IJ") determined that Vue's child abuse conviction was an "aggravated felony" which rendered him removable under § 1227(a)(2)(E)(i). *Vang*, 149 F. Supp. 2d at 1031. Because Vue had been convicted of an "aggravated felony," the IJ found him to be ineligible for Cancellation of Removal under §1229b(a). *Id.*

Vue appealed the decision to the Board of Immigration Appeals (BIA), challenging the IJ's determination that his child abuse conviction constituted an "aggravated felony" rendering him unable to apply for Cancellation of Removal. *Id.* at 1031-32. The BIA agreed with Vue, and on July 24, 2000, concluded that, because he was only sentenced to three years of probation and no imprisonment for the child abuse conviction, it was not an "aggravated felony." *Id.* at 1032. On

remand, the IJ granted Vue asylum in October of 2000. (Respondent's Amended Motion at 3.)

Respondent asserts that Vue's case was rendered moot when these administrative proceedings terminated in his favor. (*Id.*) Vue, on the other hand, contends that his case falls into the "capable of repetition yet evades review" exception to the mootness doctrine. (Petitioner's Response to Respondent's Amended Motion for a Statement of the Court's Intent to Grant Relief under Federal Rule of Civil Procedure 60(b) ("Petitioner's Resp. to Am. Mot.") at p. 2.) Vue maintains that when he seeks to adjust his legal status to lawful permanent resident (as he claims he plans to do), the INS will examine his criminal record and recharge and redetain him in light of recent case law interpreting "aggravated felony" more expansively than in the past for these purposes. (*Id.* at 2-3.)

Respondent counters that Vue cannot avoid the consequences of his moot case because his "capable of repetition" argument is based on "speculation and events that have only a remote likelihood of occurring." (Respondent's Amended Motion at 4.) Specifically, Respondent identifies three contingencies that Vue's argument rests upon: (1) that Vue will seek to adjust his immigration status; (2) that Congress will amend the immigration laws such that one of Vue's prior convictions for operating a motor vehicle without the owner's consent or for carrying a concealed weapon would be considered an aggravated felony; and (3) that the INS will, at a later time, charge him with removability based on Congress's amendment of the immigration laws. (*Id.* at 6.) In light of the contingent and speculative nature of Vue's case, Respondent maintains that federal jurisdiction is inappropriate, and that the court should dismiss Vue's habeas corpus petition as moot and vacate the July 11, 2001 decision as it applies to him. (*Id.* at 7.)

## DISCUSSION

Under Rule 60(b), "upon such terms as are just" the trial court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" if, for example, the judgment is void or has been satisfied, or for "any other reason justifying relief from the operation

4

of the judgment." FED. R. CIV. P. 60(b). The basis for setting aside a judgment under Rule 60(b) must be something that could not have been the basis for a reversal on a direct appeal. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

"A case is moot when it no longer presents a live case or controversy." *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001), citing *Bd. of Ed. of Downers Grover Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). A federal court cannot decide a question that will not affect the rights of the litigants before it. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Although a lawsuit may be technically moot, the court may nevertheless assert jurisdiction if the challenged conduct is capable of repetition, yet will evade review. *Central Soya Co. v. Consol. Rail Corp.*, 614 F.2d 684, 687 (7th Cir. 1980). For reasons of policy and in the interests of justice, courts may view the facts broadly and find the basis for jurisdiction, despite mootness, in exceptional situations where two factors are present. *Id.* at 687-88. First, the challenged action must be inherently too short in duration to be fully litigated before its cessation or expiration. *Id.* at 689. Second, there must be a reasonable expectation that the complaining party will again be subjected to the same action unless court intervention occurs. *Id.* In other words, "there must be a reasonable degree of likelihood that [the] issue will be the basis of a continuing controversy between the two parties." *Id.*; *see also Tobin for Governor*, 268 F.3d at 529 (where the chance that injuries would occur again is premised on numerous contingencies and speculation, there is no reasonable expectation that plaintiff would be subject to same action).

*Central Soya* is a leading case on this issue. In this case, plaintiff shipper had contracted with a common carrier for the use of train cars to transport grain. When the carrier took one of the trains out of service, the shipper won an injunction in district court. By the time the railroad's appeal was heard, the grain shipping season was over and the shipper had completed its use of the railroad cars. *Id.* The Seventh Circuit concluded the appeal was moot. The court next considered

whether the shipper could show harm under the "capable of repetition yet evading review" doctrine. *Id.* The court concluded, first, that the October through April shipping season was probably sufficiently brief in duration to satisfy the first part of the two-factor test, but that there was no reasonable expectation that the shipper would again be subject to the same conduct. *Id.* at 689. The court observed that jurisdiction is not triggered merely because a federal court might again be called upon to decide the same legal issue; instead, there must be a reasonable likelihood that the issue would be a source of ongoing controversy between the very same parties. *Id.* Applying this standard, the court reasoned that, although it was possible that the two parties would contract again, and that the carrier would again cancel the shipper's use of a car, "such a chain of speculation is, without more, inadequate to support an assertion of federal jurisdiction." *Id.*

In the instant case, the parties dispute whether there is a reasonable expectation that Vue will again be subject to the mandatory detention provision. Respondent argues that Vue has not shown a reasonable likelihood that he will be subject to detention under § 1226(c) again in the future because the possibility relies to an impermissible extent, on contingencies and speculation. (Respondent's Amended Motion at 5.) Vue, of course, urges otherwise. He contends that the possibility he will again be subject to mandatory detention is neither so remote nor so speculative as to moot his case. (Petitioner's Resp. to Am. Mot. at 4.) Specifically, Vue highlights what he characterizes as the courts' "rapidly evolving and expansive interpretations of 'aggravated felony' offenses," insisting that these cases threaten his ability to avoid an unconstitutional application of the mandatory detention provisions. (Petitioners' Response to Respondent's Request that this Court Indicate Its Intent to Grant Respondent's Rule 60(b) Motion ("Petitioner's Resp. Re: 60(b) Mot.") at p. 8-9.)

Vue identifies several cases that he maintains establish this movement in the courts toward broader interpretations of the "aggravated felony" provisions of the IIRIRA. In this court's view, however, none of these cases support the claim that it is reasonably likely that Vue will again be

subject to mandatory detention. In *Chue Xiong v. INS*, for example, Xiong pleaded no contest to second degree sexual assault of a child under a Wisconsin state statute for having sexual intercourse with his 15-year old girlfriend. 173 F.3d 601, 603 (7th Cir. 1999). The INS issued an Order to Show Cause, charging that Xiong's violation constituted a crime of violence, and was, therefore, an "aggravated felony" for the purpose of determining deportability. *Id.* Xiong admitted the allegations underlying the charge, but contested that he had been convicted of a crime of violence. *Id.* at 603-04. The INS asserted that even if his conviction did not constitute a crime of violence, it constituted sexual abuse of a minor, which had been added to the list of aggravated felonies when the IIRIRA was enacted on September 30, 1996 (after Xiong's deportation hearing, but before the BIA dismissed his appeal and issued a final deportation order). *Id.* at 604. The Seventh Circuit found that the IJ erred in concluding, without considering the facts of the case, that Xiong's conviction constituted a crime of violence. *Id.* at 606-07. It further pointed out that the IJ had not been asked to decide whether Xiong had been convicted of sexual abuse of a minor, and that Xiong had not been given the chance to defend against the proposition. *Id.* at 608. The court determined that the question would be best settled by the IJ on remand. *Id.*

Contrary to Petitioners' assertions, *Xiong* does not demonstrate that expansive interpretations of aggravated felonies render it likely that Vue will be recharged with another aggravated felony based on the same underlying offense. The posture of the *Xiong* case rests on the enactment of the IIRIRA, which included sexual abuse of a minor as an "aggravated felony." *Id.* at 604. The court did not interpret "aggravated felony" expansively; rather, the case was remanded for consideration in light of the newly amended "aggravated felony" provision. *Id.* at 608. Here, any argument that IIRIRA might be amended to expand the aggravated felony concept is far too speculative to invoke the "capable of repetition yet evading review" doctrine.

Vue cites two further examples of allegedly expansive interpretations of the "aggravated felony" provision, both of which address the distinction between burglary and theft

7

characterizations. In *United States v. Martinez-Garcia*, the defendant pleaded guilty to burglary in 1988 for knowingly entering a motor vehicle with the intent to commit theft, while a theft charge against him was dropped. 268 F.3d 460, 462 (7th Cir. 2001). He was deported in 1992 after his probation was revoked. *Id.* In 1998, the INS discovered Martinez in the Lake County Jail while conducting a random search of the jail for illegal aliens. *Id.* Martinez pleaded guilty to illegal re-entry following deportation, and when applying the sentencing guidelines, the district court concluded that the 1988 burglary conviction should have been classified under the INA as an "attempt" to commit a "theft offense," qualifying Martinez as an aggravated felon. *Id.* at 462-63. The Seventh Circuit found that the district court had properly looked past the title of the conviction and considered the "'generic' elements of the felonious activity" in coming to the conclusion that Martinez had pleaded guilty to conduct that "fit within the parameters of an attempt to commit a

Similarly, in *Hernandez-Mancilla v. INS*, the Seventh Circuit reviewed case law from several circuits to establish a definition of "theft offense" in order to determine whether Hernandez-Mancilla's state law conviction for possession of a stolen motor vehicle would fit within that definition, making it an aggravated felony for deportation purposes. *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1003 (7th Cir. 2001). In this court's view, the Court of Appeals' effort to develop a definition for "theft offense" does not amount to an overbroad interpretation of either "theft offense" or "aggravated felony." Nor does *Hernandez-Mancilla* involve a defendant being re-charged based on conduct the INS had already considered.

Notably, Petitioners' own argument that *Hernandez-Mancilla* and *Martinez-Garcia* indicate Vue is likely to be re-charged under expansive interpretations is presented only in parentheticals: Petitioners summarized *Martinez-Garcia* as holding that "burglary of a motor vehicle conviction is an 'attempted theft offense' and hence an aggravated felony." They characterized *Hernandez-Mancilla* as holding that "possession of a stolen motor vehicle conviction is a 'theft offense' and hence an aggravated felony." Petitioners' Resp. to Am. Mot. at 2-3. According to Petitioners, "the

8

INS has not been at all reluctant to recharge immigrants under these expansive interpretations." *Id.* Neither of the cited cases involved an immigrant being recharged, however, nor did Petitioner identify even one case representing such a scenario. In Vue's own case, the IJ already considered his conviction for operating a motor vehicle without the owner's consent under the aggravated felony provision and concluded that it was not a theft offense. Petitioners have not identified anything in the case law or otherwise that renders it likely that Vue will be recharged under the "aggravated felony" provisions and become subject to the mandatory detention provisions. The court concludes this case is not "capable of repetition yet evading review." Without reconsidering its earlier ruling, the court concludes that the dispute addressed in its July 11, 2001 order is moot.

## CONCLUSION

For the foregoing reasons, Respondent's motion (Doc. No. 44-1) is granted, and the court grants the request for relief from the July 11, 2001 order as it relates to Petitioner Vue. As agreed to by both parties, the court grants the request for relief as to Yakobashvile. Finally, the court dismisses Wedderburn from Respondents' request for relief. To the court's knowledge, Wedderburn remains in INS custody and an individualized bond hearing has yet to be scheduled as ordered on July 11, 2001. The court orders that INS comply with the previous order and schedule a bond hearing for Wedderburn within 90 days.

ENTER:

Dated: May 22, 2002

REBECCA R. PALLMEYER
United States District Judge